1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Jacob Atkinson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>adidas America, Inc., a foreign profit corporation; and Does 1-20,<br><br>Defendant. | No. 2:23-CV-1666<br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant adidas America, Inc. ("adidas") removes this action to this Court from the Superior Court of the State of Washington for King County. In support of this Notice of Removal ("Notice"), adidas respectfully states:

## I.   STATE COURT ACTION

1. Plaintiff Jacob Atkinson ("Plaintiff") commenced this action on October 6, 2023, by filing a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief ("Complaint") in the Superior Court of the State of Washington for King County, where it was assigned Case No. 23-2-19326-1 SEA ("State Court Action").

NOTICE OF REMOVAL – 1
(No. 2:23-CV-1666)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1

2. With this Notice, adidas files a true and correct copy of all process, pleadings, orders, and other records either served on adidas or filed in the State Court Action. *See* Declaration of Kyle D. Nelson in Support of Notice of Removal ("Nelson Decl.") at ¶9, Exs. G-J.

3. The deadline for adidas to remove the State Court Action has not expired since receipt by adidas of the Summons and Complaint. *Id.* at ¶10. adidas has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id.* No further proceedings have been had in the state court as of the date of this Notice. *Id.* at ¶11.

## II. GROUNDS FOR REMOVAL

4. This action is removable under 28 U.S.C. §1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. adidas timely filed this Notice and satisfied all other procedural requirements.

**A. Complete Diversity of Citizenship**

5. <u>Plaintiff's Citizenship</u>. A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id.* A person's residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

6. Here, Plaintiff alleged that he is a "resident" of King County, Washington. Complaint at ¶8.

7. But according to the application he submitted to adidas related to a part-time retail position in Tulalip, Washington, Plaintiff resides on Calle Koral Road in Goleta, California. *See* Declaration of Juan Villegas in Support of Notice of Removal ("Villegas Decl.") at ¶3; *see also* Complaint at Ex. A.

8. Further, according to Plaintiff's publicly-available LinkedIn profile, Plaintiff has resided in California since at least 1999, and continues to reside in California. *See* Declaration of

NOTICE OF REMOVAL – 2
(No. 2:23-CV-1666)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1

Arunas Bura in Support of Notice of Removal at Ex. A. Plaintiff is the current owner of "Artisan Massage and Acupuncture Wellness" in Goleta, California. *Id.* "Artisan Massage and Acupuncture Wellness" is a California LLC with a principal address in Goleta, California. *Id.* at Ex. B. The same record lists Jacob Atkinson as the registered agent of Artisan Massage and Acupuncture Wellness on Calle Koral Road in Goleta, California. *Id.* Likewise, according to the California Acupuncture Board, Plaintiff resides or works at Calle Koral Road in Goleta, California. *Id.* at Ex. C. Property records further confirm that Plaintiff owns the Calle Koral Road residence. *Id.* at Ex. D.

9. Plaintiff, therefore, is domiciled in, and a citizen of, California. But even if adidas is mistaken and Plaintiff is correct that he is a resident of King County and a citizen of Washington, complete diversity still exists because adidas is a citizen of Oregon.

10. <u>Defendant's Citizenship</u>. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

11. In this case, adidas is a corporation organized under the laws of Oregon and its principal place of business is located in Portland, Oregon. Villegas Decl. at ¶4. adidas is thus a citizen of Oregon.

12. Accordingly, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

13. Under 28 U.S.C. § 1332, the amount in controversy exceeds $75,000. By the statements contained in this Notice of Removal, adidas does not concede that Plaintiff is entitled to any damages.

14. The amount in controversy is the "estimate of the entire potential amount at stake

NOTICE OF REMOVAL – 3
(No. 2:23-CV-1666)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1

in the litigation." *Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted). It includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016).

15. Plaintiff seeks remedies under Wash. Rev. Code § 49.58.070 for actual damages or statutory damages of $5,000, whichever is greater. Plaintiff also seeks his attorneys' fees through final judgment under RCW § 49.58.070. Finally, Plaintiff seeks to be named the class representative under CR 23.

16. <u>Statutory Damages.</u> Plaintiff seeks $5,000 in statutory damages under Wash. Rev. Code § 49.58.070. Complaint at Request for Relief ¶2.

17. <u>Attorneys' Fees.</u> Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018). To meet its burden of establishing the amount in controversy by a preponderance of the evidence, *see Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793 (9th Cir. 2018), the removing party may estimate "anticipated but unaccrued" attorneys' fees at the time of removal. *Gonzales,* 840 F.3d at 649 n.2. To do so, a removing party may estimate plaintiff's counsel's potential recovery, *e.g.,* billing rate and the amount of time required by the case. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* No. MDL 2672 CRB (JSC), 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quotation omitted).

18. In this case, Plaintiff seeks recovery of his attorneys' fees under Wash. Rev. Code § 49.58.070. Complaint at Request for Relief ¶3. Based on experience with Plaintiff's counsel in similar class action litigation, a classwide resolution is more likely than not to result in a fee award to Plaintiff's counsel in excess of $75,000. *See* Nelson Decl. at Ex. A, ¶9 (approving class action

NOTICE OF REMOVAL – 4
(No. 2:23-CV-1666)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1

fee award to Emery Reddy, PLLC of $138,600); *see also id.* at Exs. B-D (approving class action fee awards to Emery Reddy, PLLC of $204,848.83, $270,000, and $85,000).

19. Moreover, 100 hours is "an appropriate and conservative estimate" of expected hours in employment cases. *Adkins,* 293 F. Supp. 3d at 1148 (citation omitted). This estimate is consistent with Plaintiff's counsel's declaration in a recent employment case where counsel reported that he individually incurred 113.4 hours, and that his billing rate is $725/hour. *See* Nelson Decl. at Ex. E. In that case, Plaintiff's counsel requested over $82,000 related to his own time and $125,852.50 in fees for all timekeepers at his firm. Thus, based on the conservative estimate of 100 hours, *see Adkins,* 293 F. Supp. 3d at 1148, and multiplied by Plaintiff's counsel's hourly rate of $725, the attorney fee amount in controversy in this matter will more likely than not exceed $75,000. *See* Nelson Decl. at ¶7 (estimating that this matter will require at least 100 attorney billable hours).

20. adidas's inclusion of the attorney's fees in calculating the amount in controversy is supported by a recent case where this Court found that Qdoba Restaurant Corporation adequately showed cause to support jurisdiction based, in part, on expected attorneys' fees. *Id.* at Ex. F.

21. <u>Service Award.</u> Based on experience with Plaintiff's counsel, Plaintiff will demand as much as $15,000 or $20,000 (in addition to any statutory damages) related to his role as class representative. *Id. at* Exs. A-B.

22. <u>Summary.</u> Plaintiff alleges well over $75,000 in damages in the aggregate, taking into account statutory damages ($5,000), attorneys' fees to Plaintiff (>$75,000), and a service award to Plaintiff (up to $15,000 or $20,000).

### III. ACTION REMOVABLE

23. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

24. adidas is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Compl. ¶6. The Seattle Division of this Court

NOTICE OF REMOVAL – 5
(No. 2:23-CV-1666)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1

"embrac[es] the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

25. This Notice is filed with the Court within thirty (30) days after receipt by adidas of the Complaint, in accordance with 28 U.S.C. § 1446(b).

## IV. PLEADINGS FILED

26. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Nelson Declaration filed with this Notice. *See* LCR 101(b).

Dated: November 1, 2023

By: *s/ Kyle D. Nelson*
Kyle D. Nelson, Bar No. 49981

By: *s/ Emily A. Bushaw*
Emily A. Bushaw, Bar No. 41693

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
EBushaw@perkinscoie.com
KyleNelson@perkinscoie.com

*Attorneys for Defendant adidas America, Inc.*

NOTICE OF REMOVAL – 6
(No. 2:23-CV-1666)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on November 1, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: November 1, 2023

*s/ Kyle Nelson*
Kyle D. Nelson, WSBA #49981

CERTIFICATE OF SERVICE
(No. 2:23-CV-1666)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164320244.1